IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Nakeya Blackmon<br>Debtor | CHAPTER 13 |
| NATIONSTAR MORTGAGE LLC<br>Movant<br>vs. | NO. 16-17708 MDC |
| Nakeya Blackmon<br>Debtor<br><br>William C. Miller<br>Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$1,260.94**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | May 1, 2017 to June 1, 2017 in the amount of $632.42/month |
| Suspense Balance: | $3.90 |
| **Total Post-Petition Arrears** | **$1,260.94** |

2. The Debtor shall cure said arrearages in the following manner;

a). Beginning on July 1, 2017 and continuing through December 1, 2017, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$632.42** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$210.16** towards the arrearages on or before the last day of each month at the address below;

Nationstar Mortgage, LLC
P.O. Box 619094
Dallas, Texas 75261-9741

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Moving Party shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the

default within fifteen (15) days, the Moving Party may file a Certification of Default with the Court and the Court shall enter an Order granting the Moving Party relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Moving Party shall file a Certification of Default with the court and the court shall enter an order granting the Moving party relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Moving Party of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The undersigned seeks court approval of this stipulation.

10.. The parties agree that a facsimile signature shall be considered an original signature.

Date:   June 15, 2017

/s/ Thomas I. Puleo, Esquire
Thomas I. Puleo, Esquire
KML Law Group, P.C.
701 Market Streete, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734
Attorney for Movant/Applicant

Date: 6/19/17

Zachary Perlick, Esquire
Attorney for Debtor

Date: 6/24/17

William C. Miller
Chapter 13 Trustee *without prejudice to any trustee rights or remedies* no objection

Approved by the Court this 19th day of July, 2017. However, the court retains discretion regarding entry of any further order.

Magdeline D. Coleman

Bankruptcy Judge
Magdeline D. Coleman